**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew C Graziotti,<br><br>        Plaintiff,<br><br>v.<br><br>A. Estrada, et al.,<br><br>        Defendants. | No. CV-23-00210-TUC-RM<br><br>**ORDER** |

Pending before the Court is Self-Represented Plaintiff Matthew C. Graziotti's Motion for Leave to File Third Amended Complaint. (Doc. 43.)

## I.  Background

Plaintiff, who is confined in the United States Penitentiary-Tucson ("USP-Tucson"), initiated the above-captioned matter on May 4, 2023. (Doc. 1.) Plaintiff's initial Complaint (Doc. 1) and his First Amended Complaint (Doc. 10) were dismissed without prejudice for failure to state a claim upon screening under 28 U.S.C. § 1915A(a) (Docs. 9, 11). In screening Plaintiff's Second Amended Complaint ("SAC"), the Court joined the Warden of USP-Tucson pursuant to Federal Rule of Civil Procedure 19(a)(1); ordered Defendants Estrada and the Warden of USP-Tucson to answer Plaintiff's due process claim for injunctive relief; and dismissed the remaining claims and Defendants. (Doc. 13.) The Court later dismissed Defendant Estrada on the grounds that he is no longer employed by the Bureau of Prisons ("BOP") and is thus unable to implement Plaintiff's requested injunctive relief. (Doc. 31.)

On October 2, 2024, Defendant Mark Gutierrez, Warden of the Tucson Federal Correctional Complex ("FCC"), filed a Motion for Summary Judgment on exhaustion of administrative remedies. (Doc. 28.)[1]  On October 30, 2024, Defendant filed an Answer to Plaintiff's SAC. (Doc. 35.) The Court thereafter issued a Scheduling Order, setting a January 13, 2025 deadline for moving to amend pleadings, and a discovery deadline of April 14, 2025. (Doc. 40.)

Plaintiff filed the pending Motion for Leave to File Third Amended Complaint on December 9, 2024. (Doc. 43.) Defendant did not respond to the Motion, and the deadline for doing so has expired.

## II. Legal Standard

With the exception of amendments made as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave should freely be given "when justice so requires." *Id.* In determining whether to grant leave to amend, courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility alone may justify refusing to grant leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The test for determining futility is the same as the test for determining whether a pleading survives a motion to dismiss under Rule 12(b)(6). *White v. Relay Res.*, No. C19-0284-JCC, 2019 WL 5677541, at *1 (W.D. Wash. Oct. 31, 2019). Under that test, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the complaint's factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

---

[1] The Motion for Summary Judgment will be resolved separately.

### III. Plaintiff's Proposed Third Amended Complaint

Plaintiff's proposed Third Amended Complaint ("TAC") lists Warden Gutierrez, Estrada, and an unknown person at FCC Tucson as Defendants. (Doc. 43-1 at 1-2.) Plaintiff requests injunctive and declaratory relief. (*Id.* at 6, 21.) In Count One of the proposed TAC, Plaintiff raises a due process claim that is substantively identical to the one raised in his SAC. (*Id.* at 3, 7-20.) In Count Two of the proposed TAC, Plaintiff raises a First Amendment claim, alleging that an unknown person acting in his or her official capacity barred Plaintiff from all forms of communication with his son, brother, and a close friend, without notification or justification. (*Id.* at 4, 20-21.)

### IV. Discussion

Plaintiff filed his Motion within the Scheduling Order's deadline for moving to amend pleadings, and the Court finds no undue delay, bad faith, or dilatory motive. Defendant has not responded to Plaintiff's Motion for Leave to File TAC and has not asserted any prejudice that would arise from allowing Plaintiff to file the proposed TAC. The Court does not find that allowing Plaintiff to file the proposed TAC would be futile because, as discussed below, the proposed TAC properly raises a new First Amendment claim. Plaintiff has amended his complaint multiple times, which weighs against allowing further amendment, but the balance of factors favors allowing amendment under the liberal standards of Federal Rule of Civil Procedure 15. Accordingly, Plaintiff's Motion to Amend will be granted.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion thereof if a plaintiff has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

Count One of Plaintiff's TAC is substantively identical to Count One of his SAC, which this Court has already determined adequately states a due process claim. (*See* Doc.

13 at 8-9.) Liberally construed, Count Two of Plaintiff's TAC alleges that prison officials infringed on his First Amendment rights to communicate with his son, brother, and friend, without a rational relationship to legitimate penological interests. The Court will require Defendant Gutierrez to answer Counts One and Two of the TAC.

"Where injunctive relief is sought, the action is functionally against the entity." *Mays v. Birkholz*, No. CV 22-5524-SVW(PVC), 2022 WL 17886031, at *9 (C.D. Cal. Dec. 14, 2022). Accordingly, "[a] defendant sued in his or her official capacity for injunctive relief need not have personally participated in the constitutional injury to plaintiff, but must be in a current position to deliver the relief requested." *Id.* This Court previously dismissed Defendant Estrada on the grounds that Estrada is no longer employed by the BOP and is thus unable to implement the equitable relief requested by Plaintiff. (Doc. 31.) Plaintiff has identified no grounds for reconsideration of that decision. Accordingly, Defendant Estrada will be dismissed. The Court will also dismiss Defendant Unknown Person # 1, as there is no indication that this unknown person is in a position to implement Plaintiff's requested equitable relief. As this Court previously found (Doc. 31), Defendant Gutierrez is in a position to implement Plaintiff's requested equitable relief, and this action shall therefore proceed against Defendant Gutierrez.

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 43) is **granted**. The Clerk of Court is directed to re-file Document 43-1 as Plaintiff's Third Amended Complaint.
2. Defendant Gutierrez shall answer or otherwise respond to Plaintiff's Third Amended Complaint, as set forth above.
3. Defendant Estrada and Defendant Unknown Person # 1 are **dismissed without prejudice**.

. . . .

. . . .

. . . .

4. Defendant Gutierrez may file a further summary judgment motion addressing administrative remedies with respect to Plaintiff's First Amendment claim in Count Two of the Third Amended Complaint on or before **February 15, 2025**.

Dated this 3rd day of February, 2025.

_____
Honorable Rosemary Márquez
United States District Judge